## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| **KELLY ELKINS,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | )    **Civil Action No. 2:14-23765** |
| **v.** | ) |
| | ) |
| **BARBARA RICHARD, Warden,** | ) |
| | ) |
|       **Respondent.** | ) |

### **PROPOSED FINDINGS AND RECOMMENDATION**

On July 16, 2014, Petitioner, acting *pro se*, filed her Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) In her Petition, Petitioner challenges the validity of her sentence based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Miller v. United States, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).[2] (Id.) First, Petitioner argues that "the criminal history points

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id*. On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Petitioner does not challenge a Section 922(g) conviction.

attributed to Petitioner did not qualify as criminal history as stated in United States v. Simmons and therefore subjected her to a much higher sentence of incarceration attributing her to a category II." (Document No. 2, pp. 2 - 3.) Petitioner, therefore, requests that the Court "remove the 3 criminal history points attributed to her and change her criminal history category form a II to a I and resentence her accordingly." (Id., p. 3.) Next, Petitioner argues that "due to her change in category under criminal history, Petitioner now qualifies for a safety valve reduction." (Id., p. 3.) Petitioner, therefore, requests that this Court "grant her safety valve relief at re-sentencing." (Id.) Finally, Petitioner argues that she can proceed under Section 2241 because "her prior § 2255 Motion was 'inadequate or ineffective' to test the legality of her detention."[3] (Id., p. 1.) Citing Whiteside v. United States, 578 Fed.Appx. 218 (4th Cir. 2014), Petitioner argues that an "error in applying sentencing guidelines can justify relief on collateral challenge."[4] (Id., p. 2.)

---

[3] Briefly considering the merits of Petitioner's claim, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence of the underlying conviction. Citing *Simmons* and *Miller*, Petitioner argues that the sentencing Court improperly considered a prior state conviction for purposes of enhancing her sentence. The undersigned finds that Petitioner's challenge to the validity of her *sentence* based upon *Simmons* and *Miller* does not meet the requirements of the saving clause. *See Bennett v. United States*, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); *also see Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); *Underwood v. Cauley*, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); *Noggin v. Wilson*, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); *Chambers v. United States*, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); *Moon v. United States*, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed.

[4] Citing *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), Petitioner appears to contend that she is

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this

---

entitled to *habeas* relief under Section 2241 because the erroneous application of the "sentencing guidelines can justify relief on a collateral challenge." The undersigned notes, however, that *Whiteside* involved the collateral attack of a sentencing enhancement pursuant to Section 2255. It is well established that a non-constitutional error may only serve as a basis for collateral attack under Section 2255 when it involves "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It is well established that an "ordinary misapplication of the guidelines does not amount to a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Recently, the Fourth Circuit considered "what constitutes an 'ordinary' Guidelines error as opposed to something more fundamental." *Whiteside v. United States*, 748 F.3d 541, 548-53 (4th Cir. April 8, 2014), *rev'd en banc*, 775 F.3d 180 (Dec. 19, 2014). In *Whiteside*, the Fourth Circuit determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 551. The Fourth Circuit further determined that the one-year limitations period for filing a Section 2255 motion could be equitably tolled where the defendant alleged that the career offender enhancement was erroneous based upon *Simmons*. *Id.* at 548-53. The Fourth Circuit, however, noted that "[w]e expressly do not decide whether the savings clause in § 2255(e) might justify relief from a *Simmons* sentencing error through the filing of a § 2241 petition." *Id.*, at 547, fn. 4. On July 10, 2014, the Fourth Circuit granted an *en banc* review of the panel's decision in *Whiteside*. *Whiteside v. United States*, 578 Fed.Appx. 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision wherein it determined that (1) the *Simmons* decision did not qualify as a new "fact" for purposes of Section 2255(f)(4); and (2) equitable tolling was not available based upon petitioner's claim that only unfavorable precedent exited prior to *Simmons*. *Whiteside v. United States*, 2014 WL 7245453 (4th Cir. Dec. 19, 2014)(affirming the District Court's dismissal of Whiteside's Section 2255 Motion as untimely). Accordingly, the undersigned finds that Petitioner is not entitled to Section 2241 relief based upon *Whiteside*.

3

case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[5] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.)); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T.

---

[5] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 28, 2015.

Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 12, 2016.

Omar J. Aboulhosn
United States Magistrate Judge